Filed 10/13/23  P. v. Cingcon CA3

## NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DAVID RICHARD CINGCON,<br><br>Defendant and Appellant. | C098296<br><br>(Super. Ct. No. 15F00349) |

In 2016, a jury found defendant David Richard Cingcon guilty of attempted murder, assault with a firearm, and unlawful possession of a firearm by a felon.  The jury also found true various firearm and great bodily injury enhancements, including that defendant personally and intentionally discharged a firearm causing great bodily injury. Finally, in a bifurcated proceeding, the trial court found defendant had three prior serious felony convictions and prior strikes.  (*People v. Cingcon* (Jul. 18, 2017, C083020) [nonpub. opn.].)  Defendant appealed, and we modified the judgment to correct certain

1

fines and the restitution award, as well as to order correction of errors in the abstract of judgment. We otherwise affirmed the judgment in an unpublished decision. (*Ibid.*)

On remand and in response to defendant's petition for writ of habeas corpus, the trial court clarified defendant's prison sentence for the attempted murder count, noting defendant had been sentenced to 44 years to life for the attempted murder, plus 25 years to life for the Penal Code[1] section 12022.53, subdivision (d) enhancement, plus two five-year terms for prior serious felony enhancements. The court made further corrections to the sentence for counts two and three, which we need not recount here.

On October 12, 2022, defendant filed a petition for resentencing under former section 1170.95 (now section 1172.6).[2] The trial court appointed counsel and briefing ensued. On February 24, 2023, the trial court held a prima facie hearing and denied defendant's petition, finding the jury instructions given did not implicate the legislative changes. Rather defendant's jury had been instructed with CALCRIM No. 600, which required the jury to find defendant intended to kill in order to find him guilty of attempted murder. Defendant timely appealed.

On August 1, 2023, defendant's appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216, but requesting we exercise our discretion to review the entire record for arguable issues on appeal. Appellate counsel also wrote defendant, explaining she would be filing a *Delgadillo* brief, and if defendant failed to file a supplemental brief, his appeal would likely be dismissed.

On August 2, 2023, this court also sent a letter notifying defendant: (1) his counsel filed an appellate brief stating her review of the record did not identify any

---

[1]     Undesignated statutory references are to the Penal Code.

[2]     Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6. (Stats. 2022, ch. 58, § 10.) There were no substantive changes to the statute. We will refer to section 1172.6 throughout this opinion.

arguable issues; (2) as a case arising from an order denying postconviction relief, defendant was not constitutionally entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days to file a supplemental brief or letter raising any argument he wanted this court to consider. We advised defendant that if the court did not receive a letter brief within that period, "the court may dismiss the appeal as abandoned."

On August 18, 2023, defendant filed a supplemental brief that we understand to challenge his original prison sentence, specifically the conduct enhancements imposed under section 667, subdivision (a)(1). We will affirm the trial court's order.

DISCUSSION

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1172.6 to the Penal Code. Senate Bill No. 775 (2020-2021 Reg. Sess.), effective January 1, 2022 (Cal. Const. art. IV, § 8, subd. (c)), extended the procedure of section 1172.6 to individuals convicted of attempted murder (Stats. 2021, ch. 551, § 2).

"Senate Bill [No.] 1437 relief is unavailable if the defendant was either the actual killer, acted with the intent to kill, or 'was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of . . . [s]ection 190.2.' (Pen. Code., § 189, subd. (e)(3); see § 1172.6, subd. (a).)" (*People v. Strong* (2022) 13 Cal.5th 698, 710.)

Here, defendant's jury was not instructed on the natural and probable consequences doctrine. Rather, the court instructed the jury with CALCRIM No. 600,

3

which required the jury to determine that defendant had intended to kill in order to find him guilty of attempted murder. Thereafter, the jury determined defendant had committed attempted murder, thus necessarily determining he had acted with the intent to kill. This precludes his eligibility for relief as a matter of law. (*People v. Strong*, *supra*, 13 Cal.5th at p. 710.) Defendant does not contend otherwise.

Rather, defendant attacks the propriety of the conduct enhancements (§ 667, subd. (a)(1)) imposed as part of his original sentence. However, this argument misapprehends the procedural posture of this case. The propriety of defendant's prior prison sentence is not cognizable from a denial of defendant's resentencing petition. Only the propriety of the trial court's section 1172.6 determination is properly before us. (See *People v. Strong*, *supra*, 13 Cal.5th at pp. 713-714 [resentencing under § 1172.6 involves "prospective relief from a murder conviction that was presumptively valid at the time," not the correction of past errors].) Accordingly, this appeal fails.

DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is affirmed.

/s/_____
ROBIE, J.

We concur:

/s/_____
EARL, P. J.

/s/_____
HULL, J.

4